UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MID-CONTINENT CASUALTY COMPANY, a foreign corporation,

    Plaintiff,

v.                                          Case No: 2:14-cv-35-FtM-29CM

HANSEN HOMES OF SOUTH FLORIDA, INC., a Florida corporation,

    Defendant.

### OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for Reconsideration (Doc. #42) filed on February 16, 2015. Plaintiff filed a Response (Doc. #44) on March 5, 2015. For the reasons set forth below, the motion is denied.

**I.**

This case involves a dispute between Plaintiff Mid-Continent Casualty Company (Mid-Continent) and Defendant Hansen Homes of South Florida, Inc. (Hansen) regarding the proper interpretation of insurance policies. Between 2005 and 2009, Hansen installed Chinese drywall in homes it built in Cape Coral, Florida. After the homes were completed, the homeowners sued Hansen for injuries that occurred as a result of the Chinese drywall. During the same time period, Hansen purchased four insurance policies (the

Policies) from Mid-Continent.  Pursuant to the Policies, Mid-Continent defended the Chinese drywall claims on behalf of Hansen. Mid-Continent settled a portion of the claims in November 2011. The remaining federal claims were consolidated into a multidistrict litigation proceeding.  On March 15, 2013, the judge presiding over the multidistrict litigation approved a settlement (the MDL Settlement) of the consolidated claims.  In total, Mid-Continent paid in excess of $1.3 million to settle the Chinese drywall cases brought against Hansen.

Mid-Continent then sought to recoup from Hansen deductible payments for the settled claims.  Hansen disagreed that it owed deductibles and refused to pay.  As a result, Mid-Continent filed suit alleging that Hansen is in breach of the Policies.  Mid-Continent seeks (1) a declaratory judgment that Hansen owes deductible payments; and (2) damages for Hansen's alleged breach of contract.  In response, Hansen brought a counterclaim seeking a declaratory judgment that no deductibles are owed.

On February 6, 2015, the Court issued an Opinion and Order (Doc. #39) (the Order) granting Mid-Continent's motion for partial summary judgment.  In that Order, the Court held that the claims resolved by the MDL Settlement must be analyzed independently to determine whether Hansen must pay a deductible.  Accordingly, the Court concluded that if an individual MDL Plaintiff was awarded compensation via the MDL Settlement's Repair and Relocation

Damages pool, Hansen owed a deductible.  If an MDL Plaintiff was awarded compensation via the MDL Settlement's Bodily Injury Pool, or via *both* the Repair and Relocation Damages pool *and* the Bodily Injury Pool, the Court concluded that no deductible is owed. Hansen now moves for reconsideration of the Order.

**II.**

"Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly." American Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003) (citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995).  Courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; [and] (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).  Unless the movant's arguments fall into one of these categories, the motion must be denied.

The motion to reconsider must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Taylor Woodrow, 814 F. Supp. at

1073; PaineWebber, 902 F. Supp. at 1521.  "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." Taylor Woodrow, 814 F. Supp. at 1072-73.

A motion for reconsideration does not provide an opportunity to simply reargue—or argue for the first time—an issue the Court has once determined.  Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."  Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988).  "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration."  Mannings v. Sch. Bd., 149 F.R.D. 235, 235 (M.D. Fla. 1993)

### III.

Hansen argues that reconsideration is necessary because the Court misinterpreted the Policies and misapplied the Policies to the MDL Settlement.  In support, Hansen does not cite to any new evidence or intervening change in case law.  Instead, Hansen simply quotes the relevant policy language and discusses the mechanics of the MDL Settlement in an attempt to demonstrate that its interpretation of the Policies is the correct one.  Thus, the "clear error" alleged by Hansen is merely the Court's refusal to adopt its proffered interpretation of the Policies.  The parties'

have thoroughly briefed their competing interpretations of the Policies, and the Court carefully considered those argument prior to issuing the Order.  As such, Hansen's motion "fails to raise new issues and, instead, only relitigates what has already been found lacking."  Lamar Adver., Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).   Therefore, Hansen has failed to articulate sufficient grounds for reconsideration, and its motion will be denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Motion for Reconsideration (Doc. #42) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this  29th  day of April, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record