```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

MID-CONTINENT CASUALTY COMPANY, a foreign corporation,

    Plaintiff,

v().                                        Case No: 2:14-cv-35-FtM-29CM

HANSEN HOMES OF SOUTH FLORIDA, INC., a Florida corporation,

    Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Doc. #48) filed on June 3, 2015. Defendant filed a Response (Doc. #50) on June 17, 2015. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

This case involves a dispute between Plaintiff Mid-Continent Casualty Company (Mid-Continent) and Defendant Hansen Homes of South Florida, Inc. (Hansen) regarding the proper interpretation of insurance policies. The relevant undisputed facts are as follows:

Between 2005 and 2009, Hansen installed Chinese drywall in homes it built in Cape Coral, Florida. After the homes were completed, the homeowners sued Hansen for injuries that occurred

as a result of the Chinese drywall. During the same time period, Hansen purchased four insurance policies (the Policies) from Mid-Continent. The Policies include three categories of coverage: "bodily injury liability," "property damage liability," and "bodily injury liability and/or property damage liability combined." The Policies define "Bodily Injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." (Doc. #26-8, p. 24.) The Policies define "Property damage" to mean: "(a) Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that cause it; or (b) Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it." (Id. at 26.)

The Policies also contain the following endorsement[1] which specifies the deductible applicable to each coverage category:

---

[1] This excerpt is taken from Policy No. 04-GL-000736013 (Doc. #26-8), which lists a $5,000 per claim deductible. The other Policies have different deductible amounts. For the purposes of this litigation, Mid-Continent has agreed that a $5,000 deductible, the lowest amount listed in the Policies, will apply to each eligible claim. (Doc. #48, p. 2.)

2

| SCHEDULE | | |
|---|---|---|
| Coverage | Amount and Basis of Deductible | |
| | PER CLAIM    or | PER OCCURRENCE |
| Bodily Injury Liability | $ | $ |
| OR | | |
| Property Damage Liability | $     5000 | $ |
| OR | | |
| Bodily Injury Liability and/or Property Damage Liability Combined | $ | $ |

(Doc. #26-8, p. 11.) The Endorsement states: "Our obligation under the Bodily Injury Liability and Property Damage Liability Coverages to pay damages on your behalf applies only to the amount of damages in excess of any deductible amounts stated in the Schedule above as applicable to such coverages." (Id.) The Endorsement further states that if the deductible amount is on a per claim basis, that deductible applies as follows:

    a.    Under Bodily Injury Liability Coverage, to all damages and allocated loss expenses sustained by any one person because of "bodily injury";

    b.    Under Property Damage Liability Coverage, to all damages and allocated loss expenses sustained by any one person because of "property damage"; or

    c.    Under Bodily Injury Liability and/or Property Damage Liability Coverage Combined to all damages and allocated loss expenses sustained by any one person because of:

        (1)   "Bodily injury;"

        (2)   "Property damage;" or

        (3)   "Bodily injury" and "property damage" combined . . . ."

(Id. at 11-12.)

Pursuant to the Policies, Mid-Continent defended the Chinese drywall claims on behalf of Hansen.  Mid-Continent settled a portion of the claims in November 2011.  The remaining federal claims were consolidated into a multidistrict litigation (the Multidistrict Litigation).  On March 15, 2013, the judge presiding over the Multidistrict Litigation approved a settlement (the MDL Settlement) of the consolidated claims.  In pertinent part, the MDL Settlement placed 95% of the settlement funds into a pool for "Repair and Relocation Damages," which the parties agree falls under the Policies' property damage coverage.  (Doc. #24-6.)  The remaining 5% of the settlement funds was divided equally between pools for "Bodily Injury" damages and "Other Losses."  (Id.)  MDL Plaintiffs accessed the settlement funds by filing separate claim forms for the applicable damage pool(s).  (Doc. #48-5, ¶ 5.)  The Special Master administering the MDL Settlement reviewed these applications and dispersed funds from the various damage pools accordingly.  (Id. at ¶ 6.)

Following the MDL Settlement, Mid-Continent sought to recoup from Hansen deductible payments for the settled claims. Hansen disagreed that it owed deductibles and refused to pay.  As a result, Mid-Continent filed suit alleging that Hansen is in breach of the Policies.  On February 6, 2015, the Court issued an Opinion and Order (Doc. #39) (the Partial Summary Judgment Order)

4

granting Mid-Continent's motion for partial summary judgment. In that Order, the Court held that a settled claim which asserted only property damage is subject to the $5,000 deductible, while a claim which asserted bodily injury damage alone, or both bodily injury damage and property damage, is not subject to any deductible. Applying that conclusion to the MDL Settlement, the Court further held that the claims resolved by the MDL Settlement must be analyzed independently to determine whether Hansen must pay a deductible. Accordingly, the Court concluded that if an individual MDL Plaintiff was awarded compensation solely via the MDL Settlement's Repair and Relocation Damages pool, Hansen owed a deductible. If an MDL Plaintiff was awarded compensation via the MDL Settlement's Bodily Injury Pool, or via *both* the Repair and Relocation Damages pool *and* the Bodily Injury pool, the Court concluded that no deductible is owed.

Mid-Continent now moves for summary judgment, seeking a final determination of the total amount owed by Hansen. According to Mid-Continent, Hansen owes a $5,000 deductible for 89 (or, in the alternative, 61) claims settled by Mid-Continent. Hansen agrees that it owes a $5,000 deductible for each qualifying claim, but contends that there are only 48 such claims.

## II.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact

5

and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983) (finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a

reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

**III.**

The Court finds that there are no genuine issues as to any facts material to the Court's determination of the number of claims for which Hansen owes deductibles. As an initial matter, the parties agree that Hansen owes a $5,000 deductible for each qualifying claim. The parties also agree that there were 48 MDL Plaintiffs who were compensated via the MDL Settlement's Repair and Relocation Damages pool, none of whom were also compensated via the Bodily Injury pool. Hansen concedes that it owes a $5,000 deductible for these 48 claims. (Doc. #50, p. 3.) According to Hansen, its deductible obligations are limited to those 48 claims. Under a strict reading of the Court's Partial Summary Judgment Order, Hansen is correct, as there are no additional MDL Plaintiffs compensated via the Repair and Relocation Damages pool. However, in light of testimony from Jacob Woody (Woody), an employee of the Special Master administering the MDL Settlement, the categories of claims for which Hansen owes deductibles must be expanded.

The necessary expansion concerns the portion of the MDL Settlement set aside to compensate MDL Plaintiffs for "Other

7

Losses." In his affidavit (Doc. #48-5), Woody explains that compensation for "Other Losses" consisted of multiple sub-categories, three of which are relevant here: (1) "Foreclosure or Short Sale" compensation; (2) "Lost Rent, Use or Sales" compensation; and (3) "Alternative Living Expenses" compensation. (Id. at ¶¶ 12-18.) To receive "Foreclosure or Short Sale" compensation, the claimant was required to show that a foreclosure or short sale arose from the reduced value of the affected property "as a result of property damage caused by Chinese Drywall." (Doc. #48-5, ¶ 12.) To receive "Lost Rent, Use or Sales" compensation, the claimant was required to show an inability to use, rent or sell the affected property "as a result of property damage caused by Chinese Drywall." (Id. at ¶ 14.) To receive "Alternative Living Expenses" compensation, the claimant was required to show losses arising from the need to vacate the affected property prior to remediation "as a result of property damage caused by Chinese Drywall." (Id. at ¶ 18.)

As explained in detail in the Partial Summary Judgment Order, the Court concluded that Hansen owes deductibles for all MDL Plaintiffs who were compensated for property damage, provided that those MDL Plaintiffs were not also compensated for bodily injury. When the Court applied this determination to the MDL Settlement, it was under the assumption that only source of property damage compensation was the Repair and Relocation Damages pool. In light

8

of Woody's uncontroverted testimony, the Court now recognizes that this assumption was incorrect. It is indisputable that "Foreclosure or Short Sale" compensation, "Lost Rent, Use or Sales" compensation, or "Alternative Living Expenses" compensation were additional sources of property damage compensation and, therefore, are functionally identical to compensation via the Repair and Relocation Damages pool. Thus, the Court concludes that Hansen also owes deductibles for MDL Plaintiffs who received "Foreclosure or Short Sale" compensation, "Lost Rent, Use or Sales" compensation, and/or "Alternative Living Expenses" compensation, provided that those MDL Plaintiffs did not also receive compensation from the Bodily Injury Pool.

As calculated by Woody, 21 MDL Plaintiffs received such compensation. (Id. at Ex. B.) However, 10 of those 21 were among the 48 MDL Plaintiffs who received compensation from the Repair and Relocation Damages Pool. (Id.) Thus, expanding the scope of Hansen's deductible obligations to account for the claims of MDL Plaintiffs who received "Foreclosure or Short Sale" compensation, "Lost Rent, Use or Sales" compensation, or "Alternative Living Expenses" compensation results in 11 additional MDL Plaintiffs, for a total of 59 claims for which deductibles are owed.

Mid-Continent also seeks to recover deductibles for an additional 28 MDL Plaintiffs whose claims were resolved by the MDL Settlement but for whom no evidence exists as to the nature of

9

their claims.  As the Court explained in the Partial Summary Judgment Order, Hansen owes deductibles only for those MDL Plaintiffs who were compensated for property damage via the MDL Settlement.  Mid-Continent has provided no evidence of the type of compensation sought by these 28 additional MDL Plaintiffs.  Indeed, the records compiled by Woody suggest that these MDL Plaintiffs did not apply for or receive *any* compensation from the MDL Settlement.  (Doc. #48-5, Ex. B.)  Thus, the amounts paid by Mid-Continent into the MDL Settlement pools did not compensate these 28 MDL Plaintiffs for property damage.  Accordingly, the Court concludes that the Policies do not obligate Hansen to pay deductibles in connection with these MDL Plaintiffs.

Lastly, Mid-Continent argues that Hansen owes deductibles for two state court Chinese drywall claims which Mid-Continent settled outside of the Multidistrict Litigation.  Mid-Continent represents that Hansen has stipulated that these two settled claims were for property damage only.  (Doc. #48, p. 2.)  Mid-Continent also provided its liability assessments for these two claims, which demonstrate that the claimants did not seek compensation for bodily injury.  (Doc. #48-2.)  Hansen offers no argument as to why deductibles are not owed for these two claims, nor does it contest that it has stipulated that these two claims were for property damage only.  Accordingly, the Court concludes that these two claims should be added to the 59 qualifying MDL Plaintiffs, for a

10

total of 61 claims for which deductibles are owed.  As detailed above, the parties agree that Hansen owes a $5,000 deductible for each eligible claim.  Thus, judgment shall be entered in favor of Mid-Continent in the amount of $305,000.

Accordingly, it is now

**ORDERED:**

1.   Plaintiff's Motion for Summary Judgment (Doc. #48) is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

2.   The Clerk shall enter judgment in favor of Plaintiff Mid-Continent Casualty Company and against Defendant Hansen Homes of South Florida, Inc. in the amount of $305,000, terminate all pending motions and deadlines as moot, and close the file.

3.   In accordance with M.D. Fl. R. 4.18, all motions for costs or attorney's fees shall be filed no later than **FOURTEEN (14) DAYS** following the entry of judgment.

**DONE AND ORDERED** at Fort Myers, Florida, this   1st   day of July, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies: Counsel of record